UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10933MLW

MELISSA VOLLER, JOHN VOLLER )
and KATHLEEN VOLLER )
    Plaintiffs )
  )
v. )
  )
BRIDGEWATER-RAYNHAM SCHOOL )
DISTRICT, RONALD P. GERHART, )
STEPHEN G. HEASLIP, DAVID A. )
CHUCKRAN, BETTE A. BRIDGES, )
a/k/a BETTE A. BRIDGES-BRODY, )
and WILLIAM A. BARBER )
    Defendants )
  )

## DEFENDANTS' MOTION TO DISMISS

The Defendants, Bridgewater-Raynham School District, Ronald P. Gerhart, Stephen G. Heaslip, David A. Chuckran, Bette A. Bridges, a/k/a Bette A. Bridges-Brody and William Barber ("Defendants"), hereby respectfully move the Court to dismiss all Counts of the Verified Complaint because none states a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

The Plaintiffs allege in Counts I and III of the Verified Complaint that the Defendants are liable under federal and state civil rights laws for their alleged violation of Ms. Voller's purported rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C., §1400 *et seq*. The Court should dismiss Counts I and III because Plaintiffs did not exhaust administrative procedures which are mandatory under IDEA and which are a prerequisite to suit. The Plaintiffs did not allege an actionable procedural due process violation because there existed an adequate post deprivation remedy under state law. Further, Counts I and III must be dismissed because the Plaintiffs

allegations, if proved amount to no more than common law negligence and do not support liability under federal civil rights laws.

The Plaintiffs cannot prevail against any natural person Defendant on Counts II and IV of the Verified Complaint as a matter of law because public employees cannot be liable under Massachusetts common law or the Massachusetts Tort Claims Act for negligence within the scope of their employment. M.G.L. c. 258, § 2. The Court should dismiss Counts II and IV, which purport to allege liability against all Defendants for negligence, to the extent that they allege liability against any natural person defendant. The Court should dismiss Count IV as against the Defendant School District because it is redundant and duplicative of Count II.

In addition to the reasons stated above for dismissing the Plaintiffs' claim under the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, § 11I, the Court should dismiss Count III because it does not allege an interference with Ms. Voller's civil rights by means of threats, intimidation or coercion. The Plaintiffs' allegation that Defendant Bridges told Ms. Voller that if she left the classroom while taking a test to consult the nurse about a nosebleed "her test would be invalid" does not amount to a "threat" as that term is used in MCRA and did not work an interference with any recognized civil right. Accordingly, the Court should dismiss Count III.

The Court should dismiss Count V, which purports to allege liability for intentional infliction of emotional distress. Defendant Bridgewater-Raynham School District cannot be held liable for alleged common law intentional torts of its employees as a matter of law. See M.G.L. c. 258, § 10(c). Notwithstanding of the Plaintiffs' rote recitation of the elements of a claim for intentional infliction of emotional distress, the Defendants conduct amounts in substance to an alleged negligent failure to prevent exposure to common chemical substances allegedly used in chemistry lab. Under

no circumstance can this conduct reasonably be described as "extreme and outrageous, beyond all decency and utterly intolerable in a civilized community." The Court should dismiss Count V.

Count VII against the Defendants Bridges and Chuckran for assault and battery must fail because they have not alleged sufficient intent on the part of either Defendant to state a claim upon which relief can be granted. The Court should dismiss Count VI because it is derivative of other failed claims by the Plaintiffs in the Verified Complaint.

The Defendants also move the Court to strike and dismiss those portions of each paragraph of the Plaintiffs prayer for relief which seeks "punitive damages." Punitive damages are not available under the causes of action asserted in Counts II, IV, V, VI and VII, nor are punitive damages available against the governmental defendant on Counts I and III as a matter of law. The demand for punitive damages against natural person defendants in Counts I and III should be dismissed because the Plaintiffs have not alleged facts which support such damages.

A memorandum of law in support of this motion is filed herewith.

WHEREFORE, the Defendants respectfully move the Court to dismiss all Counts of the Verified Complaint.

## REQUEST FOR ORAL ARGUMENT

The Defendants respectfully request oral argument of this motion.

The Defendants,<br>
By their attorneys,<br><br>
_____<br>
William P. Breen, Jr., Esq., BBO #558768<br>
Rebecca L. Andrews, Esq., BBO #644846<br>
MURPHY, HESSE, TOOMEY & LEHANE, LLP.<br>
300 Crown Colony Drive, Suite 410<br>
Quincy, MA 02169<br>
(617) 479-5000

Dated: June 22, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned attorney certifies that prior to filing the above motion, he conferred in good faith with Plaintiffs' counsel, David J. Paliotti, to narrow the issues raised by this motion.

_____
William P. Breen, Jr.

## CERTIFICATION OF SERVICE

The undersigned attorney hereby certifies that on this 22nd day of June 2005, he served a copy of the foregoing document, via first class mail, upon the following:

David J. Paliotti, Esq.
Greenbaum, Nagel, Fisher & Hamelburg
200 High Street, 4th Floor
Boston, MA 02110

_____
William P. Breen, Jr.