UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-10933 MLW

MARISSA VOLLER, JOHN VOLLER, )
and KATHLEEN VOLLER, )
    Plaintiffs )
)
v. )
)
BRIDGEWATER-RAYNHAM REGIONAL )
SCHOOL DISTRICT, RONALD P. )
GERHART, STEPHEN G. HEASLIP, )
DAVID A. CHUCKRAN, BETTE A. )
BRIDGES, a/k/a BETTE A. BRIDGES-BRODY, )
and WILLIAM R. BARBER, )
    Defendants )

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, WITH REQUEST FOR HEARING

Plaintiffs Marissa Voller ("Marissa"), John Voller and Kathleen Voller hereby submit the within Opposition to Defendants' Motion to Dismiss and respectfully request that the said Motion be denied. In further support of the within Opposition, the Plaintiffs refer the Court to their Memorandum submitted herewith.

It is well-established that a complaint is sufficient, for purposes of a motion to dismiss for failure to state a claim, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004) (Mass.R.Civ.P. 12(b)(6)) (quotation and citations omitted). Dismissal under Rule 12(b)(6) is only appropriate if

the complaint presents "no set of facts justifying recovery". Crowell v. Ionics, Inc., 343 F.Supp.2d 1, 11 (D.Mass. 2004) *citing* Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Additionally, "[a] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate." LaCava v. Lucander, 58 Mass. App. Ct. 527, 530 (2003) (addressing Mass.R.Civ.P. 12(b)(6)) *quoting* Nader v. Citron, 372 Mass. 96, 104 (1977). Moreover, when the Court considers a motion to dismiss for failure to state a claim, all factual allegations must be taken as true and the plaintiff given all favorable inferences to be drawn from those facts. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Kisich v. U.S., 275 F.Supp.2d 48, 49 (D. Mass. 2003). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims. Kiedos v. Apfel, 45 F.Supp.2d 80, 82-83 (D. Mass. 1999).

The Defendants have asserted that the Plaintiffs' Complaint in its entirety fails to state a claim for relief against them and must be dismissed. Taking all of Plaintiffs' factual allegations in their Verified Complaint as true, and considering all favorable inferences to be drawn therefrom, however, it is clear that the Defendants are not even remotely entitled to dismissal of the Complaint. Further, Defendants have failed to establish that Plaintiffs can prove "no set of facts" in support of their claim which would entitle them to any form of relief. As set forth in Plaintiffs' Memorandum, the Defendants' Motion and Memorandum are replete with unsupported conclusory statements made, incredulously, on "information and belief," contradictory and disingenuous positions, and misstatements as to the factual basis of the Plaintiffs' claims

against them. As such, the Defendants' Motion must be denied by the Court. In the alternative, the Plaintiffs must be given an opportunity to amend their Complaint to correct any deficiencies.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Plaintiffs hereby request an opportunity for oral argument with respect to the Defendants' Motion to Dismiss before the Honorable Court.

Respectfully submitted,
By their attorneys,

_____
David J. Paliotti, Esquire
BBO No. 547501
GREENBAUM, NAGEL,
FISHER & HAMELBURG
200 High Street, 4th Floor
Boston, MA 02110
(617) 423-4300

I hereby certify that a true copy of the above document was served upon counsel of record for each party by first class mail, postage prepaid, this 6th day of July, 2005.

_____
David J. Paliotti, Esquire
BBO No. 547501

3