UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-10933 MLW

| | |
|---|---|
| MARISSA VOLLER, JOHN VOLLER, and KATHLEEN VOLLER, <br> Plaintiffs <br><br> v. <br><br> BRIDGEWATER-RAYNHAM REGIONAL SCHOOL DISTRICT, RONALD P. GERHART, STEPHEN G. HEASLIP, DAVID A. CHUCKRAN, BETTE A. BRIDGES, a/k/a BETTE A. BRIDGES-BRODY, and WILLIAM R. BARBER, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Marissa Voller ("Marissa"), John Voller and Kathleen Voller hereby submit the within Memorandum of Law in support of their Opposition to Defendants' Motion to Dismiss and respectfully request that the said Motion be denied.

**I. STATEMENT OF FACTS**

The Plaintiffs rely upon the sworn statements of fact contained in Plaintiffs' Verified Complaint filed in this action, which is hereby incorporated herein by reference. A copy of the said Complaint, sans exhibits, is attached hereto for the Court's convenience and ready reference, marked Exhibit A.

## II. ARGUMENT

### A. LEGAL STANDARD FOR MOTION TO DISMISS

It is well-established that a complaint is sufficient, for purposes of a motion to dismiss for failure to state a claim, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004) (addressing Mass.R.Civ.P. 12(b)(6)) *quoting* Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998) *citing* Nader v. Citron, 372 Mass. 96, 98 (1977) *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). *See* Baxter v. Conte, 190 F.Supp2d 123, 126 (D. Mass. 2001) (same). Dismissal under Rule 12(b)(6) is only appropriate if the complaint presents "no set of facts justifying recovery". Crowell v. Ionics, Inc., 343 F.Supp.2d 1, 11 (D.Mass. 2004) *citing* Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999); Swaida v. Gentiva Health Services, 238 F.Supp.2d 325, 327 (D. Mass. 2002). Additionally, "[a] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate." LaCava v. Lucander, 58 Mass. App. Ct. 527, 530 (2003) (addressing Mass.R.Civ.P. 12(b)(6)) *quoting* Nader v. Citron, 372 Mass. 96, 104 (1977). Moreover, when the Court considers a motion to dismiss for failure to state a claim, all factual allegations must be taken as true and the plaintiff given all favorable inferences to be drawn from those facts. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Kisich v. U.S., 275 F.Supp.2d 48, 49 (D. Mass. 2003); Hughes v. McMenamon, 204 F.Supp.2d 178, 180 (D.Mass. 2002); Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). The issue is not whether the plaintiff will ultimately

prevail but whether he is entitled to offer evidence to support his claims. Kiedos v. Apfel, 45 F.Supp.2d 80, 82-83 (D. Mass. 1999).

The Defendants have asserted that the Plaintiffs' Complaint in its entirety fails to state a claim for relief against them and must be dismissed. Taking all of Plaintiffs' factual allegations in their Verified Complaint as true, and considering all favorable inferences to be drawn therefrom, however, it is clear that the Defendants are not even remotely entitled to dismissal of the Complaint. Further, Defendants have failed to establish that Plaintiffs can prove "no set of facts" in support of their claim which would entitle them to any form of relief. See Crowell v. Ionics, Inc., *supra*. As set forth below, the Defendants' Memorandum is replete with unsupported conclusory statements made, incredulously, on "information and belief," contradictory and disingenuous positions, and misstatements as to the factual basis of the Plaintiffs' claims against them.[1] As such, the Defendants' Motion must be denied by the Court. In the alternative, the Plaintiffs must be given an opportunity to amend their Complaint to correct any deficiencies.

**B.  THE DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF COUNTS I AND III**

The Defendants are seeking dismissal of Counts I (violation of §1983) and III (violation of Massachusetts civil rights statute)[2] of the Plaintiffs' Complaint on the basis that (1) the Plaintiffs did not exhaust their administrative remedies, (2) there was an adequate post-deprivation remedy, (3) the Plaintiffs are alleging "merely negligent conduct" on the part of the Defendants and (4) the individual Defendants are entitled to

---

[1] It is respectfully submitted that it is a conflict of interest for the same law firm to be representing both the individual defendants and the school district in this matter.

[2] Although the Defendants lump Count I and Count III together, they fail to cite to any authority in support of dismissal of Count III.

3

"qualified immunity." Defendants' Memorandum at p. 6. As set forth below, the Defendants' assertions are incorrect.

1.   PLAINTIFFS WERE NOT REQUIRED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES UNDER THE IDEA.

Defendants assert without substantiation by affidavit or otherwise that the Plaintiffs are completely barred from seeking relief under 42 U.S.C. § 1983 because, on "information and belief" (Defendants' Memorandum at p. 9), Plaintiffs did not exhaust their administrative remedies under the Individuals with Disabilities Education Act ("IDEA"). While Defendants ably set out the various exhaustion requirements in the IDEA, they neglect to address the exceptions to those requirements applicable to the case at bar. While exhaustion of administrative remedies prior to seeking judicial review is the general rule, it is not absolute. Frazier v. Fairhaven School Committee, 276 F.3d 52, 59 (1st Cir. 2002).

Exhaustion of administrative remedies is excused where exhaustion would be "futile or inadequate." Id. *quoting* Honig v. Doe, 484 U.S. 305, 327 (1988) (addressing predecessor statute). Exhaustion "should not be required . . . where such exhaustion would be futile either as a legal or practical matter." Id. (quoting 121 Cong. Rec. 37,416 (1975) (remarks of Sen. Williams)). Exhaustion is also not required "where it is improbable that adequate relief can be obtained by pursuing administrative remedies." Pihl v. Mass. Dept. of Education, 9 F.3d 184, 191n.10 (1st Cir. 1993). It is also not required where it would result in severe or irreparable harm to the student. Id. at 190. Further, exhaustion of administrative remedies may not be necessary in cases where "the

court may not need the 'peculiar expertise of an administrative hearing officer' to aid in its determination" of a claim. Id. at 191.

In the case at bar, the pursuit of administrative remedies would have been futile, inadequate and would have resulted in severe or irreparable harm to Marissa. It would have been futile because the Defendants had already agreed that Marissa would be given advance warning of the use of substances containing sulfur in her chemistry class and excused from class on those occasions, which was acceptable to the Plaintiffs. Although the Plaintiffs were given repeated assurances by one or more of the Defendants that this would take place, this unfortunately did not happen. There would have been no point in going through a lengthy administrative process to force the Defendants to agree to that to which they had already agreed. The Plaintiffs' claim is not so much that the Defendants failed to present an adequate plan to address Marissa's allergy to sulfurous substances but that they failed to abide by it. Specifically, they repeatedly promised to warn Marissa in advance of using such substances in her Chemistry class but then failed to do so, unnecessarily subjecting Marissa to sulfur and causing her to suffer permanent physical and emotional injury. Complaint at pars. 27-32, 34, 43, 55.

Secondly, the relevant administrative agencies were without authority to compensate Marissa for her pain and suffering and emotional distress, nor could they impose punitive sanctions against the offending parties. As such, adequate relief could not have been obtained from the administrative process. McLaughlin v. City of Lowell, 1998 WL 224929 pp. 10-11 (Mass. Super.)[3] *citing to* Quackenbush v. Johnson City School Dist., 716 F.2d 141 (2d. Cir. 1983) and Hymes v. Harnett County Bd. of Educ.,

---

[3] A copy of the decision in this case, which cites extensively to federal case law, is attached hereto at Exhibit B for the Court's convenience and reference.

664 F.2d 410 (4th Cir. 1981). *But see* Frazier v. Fairhaven School Committee, 276 F.3d 52 (1st Cir. 2002) (must still exhaust administrative remedies where there is some benefit to going through the administrative process). There would have been no benefit whatsoever to going through the administrative process given the lack of any dispute between the parties initially as to the Defendants' obligations relative to Marissa. Complaint at pars. 21, 29, 32, 42, 47-49. As such, there were no "administrative remedies" to pursue.[4]

The Plaintiffs are also excused from exhausting the administrative process for the reason that Marissa was in need of immediate relief, i.e., immediately ceasing to further expose her to sulfurous substances, in order to avoid suffering further personal injury, which was worsening with each subsequent incident of exposure. Pihl v. Mass. Dept. of Education, 9 F.3d 184, 190 (1st Cir. 1993). Complaint at pars. 39, 43, 66.67.

Finally, exhaustion in the case at bar is excused because the Defendants never advised the Plaintiffs of the availability of the procedures and remedies under the IDEA. Complaint at pars. 68-71. *See* 20 U.S.C. § 1415(b)(3) (written notice to parents of child with disability required of procedures available to them under IDEA); Pihl, *supra*, at 190-191; McLaughlin v. City of Lowell, 1998 WL 224929 p. 4 (Mass. Super.) (Exhibit B hereto). There can be no question that Marissa qualified as a child with a disability, as that term is defined in the IDEA. 20 U.S.C. §1401(A).

Based upon the foregoing, the Defendants have not established beyond a doubt from the four corners of the Plaintiffs' Complaint that the Plaintiffs will not be able to establish that they were excused from exhausting their administrative remedies. The

---

[4] After the Defendants caused Marissa to develop brittle asthma and heightened sensitivity to chemicals, resulting in Marissa being forced to leave school for an extended period on her doctor's advice, the Defendant School District did pay for Marissa to take some courses at the local junior college.

6

Defendants have also failed to cite to any authority which requires the Plaintiffs to exhaust administrative remedies before bringing a claim under the Massachusetts Civil Rights Act, Mass.Gen.Laws ch. 12, § 11I.

### 2. THE EXISTENCE OR NONEXISTENCE OF A STATE POST-DEPRIVATION REMEDY IS IRRELEVANT.

The Defendants' claim that the Plaintiffs' Complaint must be dismissed because of the existence of an adequate State post-deprivation remedy must fail because (a) the existence of such a remedy does not affect a claim for denial of substantive due process and (b) there was no post-deprivation remedy which would have adequately compensated the Plaintiffs. Daniels v. Williams, 474 U.S. 327, 336-338 (1986) (Stevens, J. concurring) (in the case of a substantive due process claim, plaintiff may invoke § 1983 regardless of the availability of a state remedy); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (post-deprivation remedy in case of procedural due process claim must be meaningful). Although the Plaintiffs claim a procedural due process violation in their Complaint, the facts set out therein also clearly establish a substantive due process claim.[5]

The Due Process Clause of the Fourteenth Amendment "is the source of three different kinds of constitutional protection." Daniels v. Williams, 474 U.S. 327, 336-337 (Stevens, J. concurring) (1986). First, it incorporates specific protections defined in the Bill of Rights. Id. Thus, the State, as well as the Federal Government, must comply with the commands in the First and Eighth Amendments; so too, the State must respect the guarantees in the Fourth, Fifth and Sixth Amendments. Id. Second, it contains a

---

[5] The Plaintiffs intend to seek leave to amend their Complaint to remove the word "procedural" from paragraph 89 of their Complaint once the Court makes a decision on the Defendants' Motion to Dismis.

7

substantive component, sometimes referred to as "substantive due process," which bars certain arbitrary government actions "regardless of the fairness of the procedures used to implement them." Id. Third, it is a guarantee of fair procedure, sometimes referred to as "procedural due process": the State may not execute, imprison, or fine a defendant without giving him a fair trial, nor may it take property without providing appropriate procedural safeguards. Id. It is only with respect to this last form of protection, the guarantee of fair procedure, that a claim under § 1983 will fail if there is an adequate post-deprivation remedy at the State level. Id. at 338-339.

In the case at bar, the Plaintiffs' claims clearly fall within the first two forms of constitutional protection provided by the Fourteenth Amendment. In particular, Marissa unquestionably had a constitutional right to an education free of discrimination based on her disability. See also 29 U.S.C. § 794 (no otherwise qualified individual with a disability shall, by reason of her disability, be excluded from participation in or denied the benefits of any program or activity receiving Federal financial assistance). By failing to keep their promise to warn Marissa in advance of the use of sulfur in her Chemistry class and failing to properly train and supervise its employees in order to prevent repeated exposures to sulfur, the Defendants have affirmatively acted to increase the threat of harm to Marissa and violated the first two forms of protection guaranteed by the Fourteenth Amendment. Frances-Colon v. Ramirez, 107 F.3d 62, 64 (1st Cir. 1997) (a government employee commits a substantive due process violation when he "affirmatively acts to increase the threat of harm to the claimant or affirmatively prevents the individual from receiving assistance"). As such, the existence or non-existence of an adequate State post-deprivation remedy is irrelevant to this claim.

To the extent that the Plaintiffs' claims fall under the third form of protection guaranteed by the Fourteenth Amendment, there was no meaningful State post-deprivation remedy. The Defendants claim that the Plaintiffs had a post-deprivation remedy in the form of a complaint with the Bureau of Special Education Appeals ("BSEA"). Defendants' Memorandum at p. 10. As set forth above, the BSEA could not have provided a meaningful remedy in this particular case and, as such, this argument on the part of the Defendants must fail. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Even if resort to the BSEA would have resulted in a meaningful remedy, the Defendants' argument still must fail because the Defendants' conduct was not "random and unauthorized." *See* O'Neill v. Baker, 210 F.3d 41, 50 (1st Cir. 2000) *citing* Herwins v. City of Revere, 163 F.3d 15 (1st Cir. 1998). Marissa suffered not random but repeated exposure to sulfur in and about her Chemistry class as a result of the failings of all of the Defendants. Further, the cases cited by the Defendants pertain to a loss of personal property, not personal injury and the right to a discrimination free education.

      3.    THE PLAINTIFFS HAVE STATED A VIABLE CLAIM UNDER 42 U.S.C. § 1983.

The Federal Civil Rights Act, 42 U.S.C. § 1983, provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen or the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Defendants argue that a claim premised on "mere negligence" is not sufficient to state a claim under § 1983. Defendants' Memorandum at p. 12. It is difficult to imagine

that someone reading the Plaintiffs' Complaint in this action would find the Defendants' conduct in its totality to constitute "mere negligence." To the contrary, the Defendants' conduct, or more aptly misconduct, ranges from gross negligence to reckless disregard or deliberate indifference for Marissa's health and safety. For instance, despite a written warning from the school nurse, and despite her promise to excuse Marissa from class when sulfur was to be used, Marissa's Chemistry teacher, Bette Bridges, continued to repeatedly expose her to sulfur. Complaint at pars. 16-18, 21-23, 32, 34, 43, 44, 47, 55. The Chemistry Department head, David Chuckran, deliberately exposed Marissa to sulfur because he did not believe that she was allergic to it and wanted to see for himself. Complaint at pars. 22-26. Additionally, Ms. Bridges attempted to physically block Marissa from seeking medical attention. *See* Exhibit D to the Complaint. Marissa's mother sought help from Marissa's guidance counselor, Mr. Barber, the principal of the school, Stephen Heaslip, and the school Superintendent, Ronald Gerhart, all to no avail. Complaint at pars. 30-32, 68. Given the Superintendent's failure to respond to the letter from Marissa's mother, Kathleen Voller, and the School District's failure to respond to the Plaintiffs' demand letter sent under the Massachusetts Tort Claims Act, Mass.Gen.Laws ch. 258, *et. seq.*, a fact-finder could find more than mere negligence and that the School District's failure to properly train and supervise its employees and comply with State and Federal law to be part of a custom and policy and an abuse of power. The Defendants' conduct in the case at bar is clearly sufficiently outrageous to state a claim under § 1983.

The case relied upon by the Defendants, in which an inmate slipped on a pillow inadvertently left on the stairs in a jail, is clearly distinguishable from the case at bar.

10

Daniels v. Williams, 474 U.S. 327 (1986) (abuse of power by government official violates Due Process Clause of Fourteenth Amendment). The Court in Daniels went on to state that it was making no decision as to whether something less than intentional conduct, such as gross negligence or recklessness, would be enough to trigger the protections of the Due Process Clause. Id. at 334n.3. "The touchstone of due process is protection of the individual against arbitrary action of government." Id. at 331 (citation and quotation omitted).

      4.    THE INDIVIDUAL DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF COUNTS I AND III.

Defendants argue that the individual Defendants are entitled to qualified immunity and should thus be dismissed from Plaintiffs' state and federal civil rights claims because the individual Defendants allegedly acted objectively reasonably in light of clearly established law. Defendants' Memorandum at p. 13. The Defendants concede that this protection does not extend to "the plainly incompetent or those who knowingly violate the law." Id., citing Lowinger v. Broderick, 50 F.3d 61, 65 (1st Cir. 1995). Plaintiffs submit that the facts alleged in the Complaint are sufficient to support the federal and state civil rights claims because the facts alleged demonstrate that the individual Defendants acted objectively unreasonably in the face of clearly established laws. They also displayed extreme incompetence. Complaint at par. 79. The individual Defendants are thus not entitled to qualified immunity.

A government official seeking the shield of qualified immunity must demonstrate that his or her conduct did not violate rights of which a reasonable person would have been aware. Burke v. Town of Walpole, 405 F.3d 66, 77 (1st Cir. 2005). The

11

incompetent and knowing violators of the law are not protected. Id. Plaintiffs' Complaint alleges deliberate, intentional, and repeated actions and inaction on the part of the individual Defendants with regard to the violations of Ms. Voller's federal and state civil rights. Complaint at pars. 26, 34, 43, 50-54, 55, 66-67, 78-79. What Defendants characterize as "errant exposure to generally innocuous substances" is the certain individual Defendants' deliberate, intentional, and repeated exposure of Ms. Voller to a substance that has robbed her of her ability to breathe normally and caused her permanent physical and mental injury. The certain individual Defendants who ignored Marissa's rights under IDEA and state law behaved objectively unreasonably in light of the clearly established law. See Mass.Gen.Laws ch. 71B and 603 CMR § 28. Plaintiffs assert that Defendants' conduct and inaction was objectively unreasonable in light of clearly established protections and rights afforded to Marissa, thus qualified immunity cannot protect these individual Defendants and Defendants' argument must fail.

C. **THE PLAINTIFFS SUFFICIENTLY ALLEGE THREATS, INTIMIDATION OR COERCION RELATIVE TO COUNT III.**

The Massachusetts Civil Rights Act ("MCRA"), Mass.Gen.Laws ch. 12, §11I, provides in part:

> Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in Section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief ... including the award of compensatory money damages.

To prevail in a claim under the MCRA, a plaintiff must prove (1) that his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or the

12

Commonwealth (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion. Sietins v. Joseph, 238 F.Supp.2d 366, 378 (D. Mass. 2003). There is no requirement of State action for a claim under the MCRA. Id. The Defendants argue that the Plaintiffs have failed to satisfy the third element, to wit:   threats, intimidation or coercion. Defendants' Memorandum at p. 14. As set forth below, there is no merit to Defendants' claim in this regard and their position is disingenuous.

The following conduct, as well as additional conduct set forth in the Complaint, on the part of the Defendants satisfies the third prong of the test for a violation of the MCRA:

1. The Defendants intimidated the Plaintiffs by displaying such a continuing callous disregard and reckless indifference for Marissa's safety. For example, despite being on actual notice of Marissa's adverse and increasingly extreme reaction to sulfur, the Chemistry Department Head and Marissa's Chemistry teacher continued to expose her to sulfur. Complaint, *supra*. The Principal and School Superintendent, when presented with this ongoing problem, deliberately chose to ignore it and allow it to continue. The Defendants would have this Court believe that the foregoing as a matter of law was not a form of intimidation being practiced on the Plaintiffs, including then-sixteen year old Marissa, who was transported by ambulance to the hospital emergency room after certain exposures in her Chemistry class by people whom she should have been able to trust.

2. Defendant Bette Bridges threatened Marissa by physically preventing her from leaving the classroom to seek medical attention on one occasion. Exhibit D to

Complaint. Mrs. Bridges also threatened Marissa with a failing grade on a test if Marissa sought medical attention when her nose would not stop bleeding while she was taking a test. Complaint at pars. 50-53. When the nurse could not stop the bleeding, Marissa was sent to the hospital. Id. Marissa was given a failing grade by Mrs. Bridges for choosing her health and safety over completing her test. Id. Defendant Bridges engaged in coercion, intimidation, and threats when she gave Marissa the "choice" of staying in class and being exposed to a substance known to trigger a severe asthma attack or to receive a failing grade in Chemistry lab. Id. at 53.

A "threat" within the meaning of the MCRA involves intentional exertion of pressure to make another fearful or apprehensive of injury or harm. Anderson v. Boston School Committee, 105 F.3d 762, 767 (1st Cir. 1997). "Intimidation," for purposes of MCRA, involves putting one in fear for purpose of compelling or deterring conduct. Id. "Coercion," within meaning of MCRA, involves application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done. Id. Whether a defendant's actions were such as to induce fear or apprehension of harm in the victim, for purposes of a claim under MCRA, is tested by an objective standard. Tedeschi v. Reardon, 5 F.Supp.2d 40, 47 (D. Mass. 1998). A physical or attempted physical confrontation is not necessarily required. Lecrenski Bros. Inc. v. Johnson, 312 F.Supp.2d 117, 122 (D. Mass. 2004); Acciavatti v. Professional Services Group, Inc., 982 F.Supp. 69, 79 (D. Mass. 1997). Further, a plaintiff need not prove a specific intent on the part of the defendant to threaten, intimidate or coerce. Sarvis v. Boston Safe Deposit and Trust Co., 47 Mass. App. Ct. 86, 92, *review denied*

430 Mass. 1106 (1999). An objective fact-finder could clearly find that the Defendants' conduct as set forth above was sufficient to constitute threats, intimidation or coercion.

### D. THE INDIVIDUAL DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF COUNTS II AND IV.

While conceding that Counts II (negligence) and IV (negligent infliction of emotional distress) of the Complaint state a viable cause of action against the Defendant School District, the Defendants seek dismissal of these counts as to the individual Defendants. Defendants' Memorandum at p. 16. Generally speaking, when public employees act negligently within the scope of their employment, the public employer is liable for any personal injury or loss of property caused. M.G.L. ch. 258 § 2. When the same employees, however, acting within the scope of their employment exercise or fail to exercise a discretionary function or duty on their part, the public employer is excused from liability and the employee becomes independently liable. Mass.Gen.Laws ch. 258, § 10(b). Plaintiffs respectfully submit that some of the conduct giving rise to Counts II and IV of the Complaint may be found to involve discretionary functions on the part of the individual Defendants, such as the decision to continue to use sulfur-based compounds in Marissa's Chemistry class and continue to expose Marissa to those compounds, as well as the lack of any response from the Department Head, Guidance Counselor, Principal and School Superintendent to the Plaintiffs' repeated requests for relief. Additionally, a public employee is not entitled to immunity with respect to "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation ..." Mass.Gen.Laws ch. 258, §10(j). Further, to the extent that the individual Defendants are entitled to immunity for certain acts or omissions, such

immunity is conditioned upon the individual Defendants reasonably cooperating with the Defendant School District. Mass.Gen.Laws ch. 258, § 2. If they do not so cooperate, they are not entitled to immunity and they are jointly liable with the employer. Id. It is thus premature to dismiss any of the individual Defendants from the lawsuit.

### E.  COUNT V UNQUESTIONABLY STATES A VIABLE CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The Plaintiffs clearly state a viable cause of action for intentional infliction of emotional distress, as the Complaint clearly alleges conduct on the part of the Defendants which rises to the level of outrageous, atrocious, indecent, and intolerable behavior. Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976). The individual Defendants may not subjectively view their conduct as "profoundly shocking," but Plaintiffs certainly do. As set forth above, the Defendants' reckless indifference to Marissa on a repeated and continuing basis resulted in her suffering asthma attacks sufficient to require hospitalization and caused Marissa to suffer permanent physical and emotional injury. Complaint, *supra*. The Defendants' actions, particularly that of the Chemistry Department Head and Chemistry teacher, clearly rise to the level of intentional conduct. Defendants may casually dismiss such behavior as acceptable in a civilized community, but Plaintiffs respectfully submit that such behavior rises to the level of intentional infliction of emotional distress and Defendants' claim must fail. Alternatively, one cannot say as a matter of law that the egregious conduct of these individual Defendants is acceptable in a civilized community.

With respect to the Defendant School District, while it is true that it cannot be held vicariously liable for intentional misconduct on the part of its employees on a theory

of respondeat superior, the School District can be held liable if such conduct and the injury to the plaintiff is the result of its lack of training and supervision, and retention, of these employees. Chaabouni v. City of Boston, 133 F.Supp.2d 93, 97-98 (D. Mass. 2001). As such, Count V should not be dismissed as to the Defendant School District.

### F. THE DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF COUNT VII.

In Count VII[6], Plaintiffs accuse Defendants Bette Bridges and David Chuckran of assault and battery. The elements of proof in order to establish an assault and battery are often alike on the civil and criminal side of the court. Grover v. Callahan, 299 Mass. 55, 56 (1937). Assault and battery has been defined as, *inter alia*, "the intentional doing of a wanton or grossly negligent act causing personal injury to another." Commonwealth v. McCan, 277 Mass. 199, 203 (1931) *citing* Commonwealth v. McKie, 1 Gray 61, 63 (1854); Commonwealth v. Hawkins, 157 Mass. 551, 553 (1893); Commonwealth v. Arone, 265 Mass. 128, 131 (1928). As set forth above, the Plaintiffs in their Complaint clearly detail conduct on the part of these individuals that fall within this category and resulted in personal injury to Marissa.

Plaintiffs' Count VII states "by repeatedly and *intentionally* exposing Marissa Voller to sulfurous substances, Dr. Chuckran and Ms. Bridges are guilty of an assault and battery upon and against Marissa Voller." Complaint at par. 111 (emphasis added). Given the statements made by Dr. Chuckran to the effect that he purposely exposed Marissa to sulfur so he could see her reaction for himself, *supra*, and the sheer number of times that Ms. Bridges exposed Marissa to sulfur after being told and seeing first hand its

---

[6] The Defendants apparently are not seeking dismissal of Count VI, Loss of Consortium, as they do not address it in their Memorandum.

life-threatening results, a fact-finder could very easily conclude that the conduct was intentional or sufficiently reckless to be considered intentional. Given the standards articulated *supra* relative to ruling on a Motion to Dismiss for failure to state a claim, the Court must deny the Defendants' request to dismiss Count VII.

## CONCLUSION

Based upon the foregoing, the Defendants' have clearly not met their substantial burden of demonstrating entitlement to dismissal of the Plaintiffs' Complaint. To the extent that there are any pleading deficiencies in the Complaint, the Plaintiffs request an opportunity to file an Amended Complaint addressing such deficiencies. The Plaintiffs further need an opportunity to conduct discovery in order to fully establish and determine their claims against the various Defendants. The Plaintiffs respectfully request that this Honorable Court deny the Defendants' Motion to Dismiss.

Respectfully submitted,
By their attorneys,

David J. Paliotti, Esquire
BBO No. 547501
GREENBAUM, NAGEL,
FISHER & HAMELBURG
200 High Street, 4th Floor
Boston, MA 02110
(617) 423-4300

I hereby certify that a true copy of the above document was served upon counsel of record for each party by first class mail, postage prepaid, this 6th day of July, 2005.

David J. Paliotti, Esquire
BBO No. 547501